William **BOYKIN**, Homeless Person Living on the Streets of the District of Columbia, et al., Appellants

v.

Adrian **FENTY**, in his Individual Capacity and Muriel Bowser, in her Official Capacity, Appellees.

No. 13-7159
September Term, 2015

United States Court of Appeals, District of Columbia Circuit.

Filed On: June 14, 2016

Rehearing En banc Denied August 31, 2016.

George Edwin Rickman, I, Esquire, Attorney, Jane Jules Zara, Law Office of Jane Zara, Washington, DC, for Plaintiffs-Appellants.

Loren L. AliKhan, Deputy Solicitor General, Stacy Anderson, Assistant Attorney General, Todd Sunhwae Kim, Solicitor General, Donna M. Murasky, Esquire, Deputy Solicitor, Irvin B. Nathan, Karl A. Racine, Office of the Attorney General, District of Columbia, Office of the Solicitor General, Washington, DC, for Defendants-Appellees.

Before: TATEL, SRINIVASAN and PILLARD, Circuit Judges.

## JUDGMENT

Per Curiam

This appeal from the orders of the United States District Court for the District of Columbia was presented to the court and briefed and argued by counsel. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is hereby

**ORDERED** and **ADJUDGED** that the district court's orders filed October 4, 2012, and September 30, 2013, be affirmed for the reasons stated in the memorandum accompanying this judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. R. 41.

Attachment

## MEMORANDUM

This case involves a challenge to the District of Columbia's closure of a home-

less shelter for men that had been located in the northwest quadrant of the District. In 2008, the District instituted a Permanent Supportive Housing (PSH) program designed "to remove the chronically homeless from dependence upon shelters, placing them in housing while providing supportive services to develop or restore self[-]reliance." Second Amended Compl. at ¶ 69 (J.A. 82). As part of the shift to PSH, the District closed both La Casa Shelter, an emergency, low-barrier housing facility for homeless men located in the Columbia Heights neighborhood in the District's northwest quadrant, and Franklin Shelter, another low-barrier shelter in the same quadrant. After those closures, no low-barrier shelters remain in the northwest quadrant.

Appellants are forty-two predominantly black and Hispanic former residents of the La Casa shelter, some of whom are disabled. They filed suit in the district court challenging the District's closure of the shelter. They alleged that the District's action discriminated against them based on their race, disability status, and place of residence in violation of the Fair Housing Act (FHA), 42 U.S.C. § 3601 et seq., the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the District of Columbia Human Rights Act, D.C. Code § 2-1401.01 et seq. After permitting appellants to amend their complaint, the district court dismissed all but one of the counts under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. See Boykin v. Gray, 895 F.Supp.2d 199, 206–10, 214–20 (D.D.C. 2012). With regard to the remaining count, which alleges disparate impact based on race under the FHA, the district court subsequently granted summary judgment in favor of the District. See Boykin v. Gray, 986 F.Supp.2d 14, 30 (D.D.C. 2013).

Appellants now appeal the dismissal of the following counts: disparate treatment based on race under the FHA, disparate impact based on disability under the FHA/ADA, and disparate treatment based on disability under the FHA/ADA. They also appeal the grant of summary judgment to the District on the FHA claim of disparate impact based on race.

For purposes of our review, it is undisputed that the operative complaint—as the district court held—is the Second Amended Complaint. See Boykin, 895 F.Supp.2d at 221 n. 18. We review de novo both the dismissal of appellants' claims and the grant of summary judgment to the District. See Kassem v. Wash. Hosp. Ctr., 513 F.3d 251, 253 (D.C. Cir. 2008); Tate v. District of Columbia, 627 F.3d 904, 908 (D.C. Cir. 2010). We affirm the district court.

We note, at the outset, that it has been challenging to discern the underlying theories for each of appellants' claims, as their complaint and briefs are often difficult to follow. The Second Amended Complaint, for example, included 158 pages of attachments, the relevance of which was not always clear. In a footnote, the complaint also purported to incorporate several previous filings, again without providing any indication of their relevance in the body of the complaint. The district court rejected the attempted incorporation, and appellants do not appeal that rejection. See Boykin, 895 F.Supp.2d at 205 n. 5 (citing Fed. R. Civ. P. 10(c)). Accordingly, we review the district court's dismissals based on the allegations in the Second Amended Complaint alone. The difficulty in comprehending appellants' claims was compounded by the fact that, in several sections of their briefs, appellants failed to provide citations to the paragraphs of their complaint or the exhibits on which they were relying, see, e.g., Appellants' Br. 48-49, 53-

54, in violation of Federal Rule of Appellate Procedure 28(a)(8)(A). We have, however, endeavored to construe their claims and evidence fairly, and we find no error in the district court's assessment that each fails.

First, the district court correctly dismissed appellants' claim that the District's closure of the shelter produced an unlawful disparate impact based on appellants' disabilities. To survive a motion to dismiss a claim of disparate impact under the FHA or the ADA, a plaintiff must allege that a facially neutral practice or policy has a disproportionate impact on persons with disabilities. *See, e.g., Mhany Mgmt., Inc. v. Cty. of Nassau*, 819 F.3d 581, 616–18 (2d Cir. 2016); *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1299 (10th Cir. 2016). The complaint failed to allege facts suggesting that the closure affected a greater proportion of disabled individuals than non-disabled, as it did not, for instance, include an allegation that disabled homeless individuals are more likely to rely on low-barrier shelters than non-disabled homeless individuals. Appellants alleged only that some of them have disabilities and that the shelter's closure makes it more difficult for those appellants to obtain services. Allegations about the appellants' individual experiences accessing services, however, say nothing about whether the shelter's closure had a disparate impact on persons with disabilities' access to housing as opposed to persons without disabilities' access to housing. The complaint therefore fails to state a claim upon which relief can be granted.

Second, for similar reasons, appellants' complaint fails to state a claim for disparate treatment based on disability. To state a claim of disparate treatment based on disability, appellants needed to allege that the District's closure of La Casa was

on account of their disabilities. *See Cmty. Servs., Inc. v. Wind Gap Mun. Auth.*, 421 F.3d 170, 177 (3d Cir. 2005); *Albuquerque Pub. Sch.*, 813 F.3d at 1295. The complaint, however, contains no allegation that the District's decision to close the shelter was based in any way on appellants' disabilities. As the district court concluded, appellants "have proffered absolutely no allegations supporting a plausible inference that the District closed La Casa because of the disabilities of its residents." *Boykin*, 895 F.Supp.2d at 210.

Third, the district court did not err in dismissing appellants' claim of disparate treatment based on race. To state a claim of disparate treatment based on race, appellants needed to allege that "the defendant intentionally discriminated against them on the basis of race or ethnicity." *2922 Sherman Ave. Tenants' Ass'n v. District of Columbia*, 444 F.3d 673, 682 (D.C. Cir. 2006). Appellants contend on appeal that the District closed La Casa as part of an effort to move predominantly minority homeless persons from the District's majority-white neighborhoods into minority neighborhoods. The operative complaint, however, fails to contain allegations making out that theory. The complaint describes the race of each of the appellants and states that the District's PSH program is "an excuse for closing the shelters in the predominantly white parts of the city." Second Amended Compl. at ¶ 69 (J.A. 82). That allegation contends that homeless persons were purposefully excluded from predominantly white neighborhoods, but does not itself support an inference that homeless persons were targeted for exclusion because of their race. Appellants did attach to their complaint exhibits containing statistics about the racial and ethnic composition of various neighborhoods in the District where shelters and placements were located, but not

any statistics about the racial makeup of the homeless population. At any rate, the complaint includes no reference to the attachments, much less any (even rudimentary) explanation of how the data in the attachments might give rise to an inference that the District discriminated against appellants because of their race.

Finally, we affirm the district court's grant of summary judgment on appellants' claim of disparate impact under the FHA. Appellants did not provide "sufficient evidence to support a finding that the challenged policy *actually* disproportionately affected a protected class." *Sherman*, 444 F.3d at 681. "A disparate-impact claim relying on a statistical disparity must fail if the plaintiff cannot point to a defendant's policy or policies causing that disparity." *Tex. Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, — U.S. ——, 135 S.Ct. 2507, 2512, 192 L.Ed.2d 514 (2015). Here, appellants failed to establish a causal link between the challenged action—the closing of La Casa as part of the PSH program—and any disparate impact on a protected population. *See, e.g., Mt. Holly Gardens Citizens in Action, Inc. v. Twp. of Mt. Holly*, 658 F.3d 375, 381 (3d Cir. 2011); *Metro. Hous. Dev. Corp. v. Vill. of Arlington Heights*, 558 F.2d 1283, 1290 (7th Cir. 1977).

Appellants contend that the closure of La Casa had an adverse impact on homeless people in the District because it denied them housing. But the undisputed evidence showed that, because of additional housing provided through PSH placements, there was a net *gain* in available housing for the homeless notwithstanding the closure of La Casa. *Boykin*, 986 F.Supp.2d at 21. As a result, the evidence did not suggest an adverse impact on the homeless generally, let alone any disproportionate adverse impact on a protected class.

Appellants also contend that the District's closure of La Casa in the northwest quadrant of the city, alongside its PSH placements in predominantly minority areas of the city, had an unlawful segregative effect on housing patterns. Appellants have done little to analyze the data to show that La Casa's closure and the District's PSH placements had any segregative effect, particularly when taking into account the District's plans to develop PSH units in the city's northwest quadrant. But even assuming appellants established a prima facie case of segregative effect, they failed to rebut the legitimacy of the District's criteria for selecting PSH sites, *see* Swan Decl. ¶ 10 (S.A. 61), or to show that the District could have employed those criteria without contributing to segregative housing patterns. The district court therefore correctly granted summary judgment in favor of the District on the count of disparate impact based on race.